The old laws relating to municipal corporations were repealed. The law went into effect on May 15, 1852, I believe, and by force of this act of the general assembly, all the old city officers were continued in their places until the following April, nearly a year. That is attempted to be done under the provisions of the act under consideration here.

At the time the application was made for leave to file a petition or for the allowance of an alternative writ, the court intimated a doubt as to the right to proceed in mandamus. That question we have not examined, for the reason that, upon examination of the whole case, we are clearly of the opinion that the effect of the legislation is as I have indicated; that is, to vest in the board of public safety in the first instance, the power to make the appointments from the existing police force, or from the persons in office at the time of the passage of the code; and whether they were *de jure* officers or *de facto* officers we think is wholly immaterial. It was in the power of the general assembly to provide for their appointment in the way it was done and for these reasons the demurrer to the answer will be overruled.

---

## ASSESSMENTS—STREETS—ACTIONS—ESTOPPEL.

[Hamilton (1st) Circuit Court, May 1, 1903.]

Giffen, Jelke and Swing, JJ.

FRANK DRAKE ET AL. V. CINCINNATI.

1. MAKING STREET AND SIDEWALK, SEPARATE IMPROVEMENTS—TWO ASSESSMENTS OF TWENTY-FIVE PER CENT. EACH MAY BE MADE UNDER SEC. 2771 REV. STAT.

The making of a street and the laying of the sidewalk on the same are two separate and distinct improvements, and the limitation imposed upon municipalities by Sec. 2271 Rev. Stat. (repealed 96 O. L. 99; see Sec. 1536-213 Rev. Stat.) that no assessment upon the abutting property to pay "for any improvement shall * * * exceed twenty-five per centum of the value of such lot or land after the improvement is made," applies to each improvement separately, and not to the aggregate amount of assessments for two separate and distinct improvements on the same street.         .         ı

2. LIMITATION TO ONE ASSESSMENT IN ANY FIVE YEARS IN SEC 2283 REV. STAT. APPLIES ONLY TO IMPROVEMENTS ON DIFFERENT ROADS.

Section 2283 Rev. Stat. (repealed 96 O. L. 99; see Sec. 1536-213 Rev. Stat.), pro-

viding that special municipal assessments shall be so restricted that the same territory shall not be assessed within a period of five years to an amount ex-ceeding twenty-five per cent. of its value, applies only to assessments to pay for making two different roads or avenues, and not to assessments made under Sec. 2771 Rev. Stat. to pay for making separate and distinct improvements on the same street. Hence, two assessments under the latter section upon the same property within five years of each other, and equal in each case to twenty-five per cent. of the value of the property assessed, to pay for making a street and laying a sidewalk on the same, are valid.

3. AMOUNT AND MANNER OF MAKING ASSESSMENTS A MATTER OF STATUTE.

The amount and manner of making special assessments upon abutting property to pay for municipal improvements is a matter of statute, subject only to constitutional limitations. And where the statute is plain and explicit, there is no room for construction.

4. MUNICIPALITY ESTOPPED FROM IMPAIRING LIEN OF SIDEWALK CONTRACTOR, WHEN.

Where a municipal corporation has awarded to a contractor a contract for the construction of a sidewalk, and agrees to furnish him a valid assessment against the abutting property to pay the cost thereof, the municipality is estopped from thereafter claiming a priority for another assessment on the same property and thereby postpone or defeat the former's assessment or any part thereof.

5. ISSUE OF LAW CANNOT BE TRIED IN EQUITABLE ACTION WHEN PLAINTIFF NOT INTERESTED.

An issue of law between two of the parties, and in which the plaintiff is in no way interested, cannot be tried in a purely equitable action, but must be tried in a separate action at law.

6. COSTS OF APPROPRIATION PROCEEDING CANNOT BE ASSESSED BACK.

The costs of a proceeding to appropriate land for street purposes cannot be assessed back against the abutting land of the owner whose property has been taken.

**A. C. Shattuck,** for plaintiff.

**Albert H. Morrill,** assistant corporation counsel, for defendant:

Surface improvements and sidewalk improvements on the same street made at different times by different ordinances and under the authority of different statutes, and not made for the mere purpose of avoiding the twenty-five per cent. statute, are different improvements. Cole v. Hunter, 5 Dec. 142 (5 N. P. 13) ; State v. Fugman, 5 Dec. 530 (5 N. P. 14) ; Hunt v. Hunter, 5 Circ. Dec. 90 (11 R. 69) ; Brooks v. Norwood (Vil.), 4 Circ. Dec. 271 (12 R. 257).

Section 2283 Rev. Stat. applies only to improvements made to two different streets, and has no application to two separate improvements made on the same street; that assessments in the latter case not exceeding twenty-five per cent. for each improvement may be made under Sec. 2771 Rev. Stat. within five years of each other.

A contractor, who has been made a party, cannot raise and have determined an issue of law, in which plaintiff is not interested in a purely equitable action; his remedy is by a separate action at law.

Drake v. Cincinnati.

**L. M. Mongan,** for Thomas Evans, the contractor, for the improvement.

## JELKE, J.

It is admitted that the cost of the condemnation of the land must be eliminated from the assessment.

It appears that the making of the street and the laying of the sidewalk are distinctly separate improvements.

Section 2271 Rev. Stat. (repealed 96 O. L. 99; see Sec. 1536-213 Rev. Stat.) applies to each improvement separately but cannot be made to apply to them added together.

The real controversy herein is over Sec. 2283 Rev. Stat. (repealed 96 O. L. 99). Plaintiff claims that under this provision the aggregate of these street and sidewalk improvements, being made within five years, cannot exceed twenty-five per cent. of the value of the property. The city contends that Sec. 2283 Rev. Stat. cannot apply because said section provides for making two different streets.

We are of opinion that the city's contention in this behalf must prevail. We appreciate fully the strength of the argument of plaintiff's counsel that if property is relieved from excessive assessment for the making of improvements upon different streets, it should be all the more relieved from such assessments piled up on the same street. But this is purely a matter of statute, and the statute is plain and explicit and not open to construction or interpretation on this point.

This point has been directly passed upon by the sixth circuit, opinion per King, J.—Hunt v. Hunter, 7 Circ. Dec. 495 (14 R. 503)—and we approve and follow their conclusion. We cannot find that this point was called to the attention of the court and expressly decided in the case of Bartley v. Cincinnati, 52 Ohio St. 650 [44 N. E. Rep. 1130].

Inasmuch as the city contracted to furnish the sidewalk contractor with a valid assessment, we are of opinion that the city cannot urge its assessment to the postponement or defeat of such contractor's assessment or any part thereof. As between the city and Thomas Evans, to the extent that Evans' assessment is good, it must have a lien upon the property prior to that of the city.

This is purely an equitable action and Thomas Evans cannot inject an issue at law between himself and the city into it as to which plaintiff has no interest. Thomas Evans should prosecute that in a separate suit at law, and the decree herein will be without prejudice to such action by him.